THOMAS P. QUINN, JR. (SBN 132268)
NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com

*Attorney for Defendant*
*Equifax Information Services LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN PARKFORD, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 8:26-cv-01018-DOC-SSC<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant, Equifax Information Services LLC ("Equifax" or "Defendant"), by and through its undersigned counsel, files its Answer and Defenses to Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax

responds as follows:

**INTRODUCTION**

1. In response to Paragraph 1, Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file. Equifax further states that to the extent this paragraph sets forth a legal conclusion, no response is required. Equifax is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file. Equifax is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. In response to Paragraph 3, Equifax admits Plaintiff alleges violations of the FCRA, and CCRAA. Equifax denies any alleged violation of the FCRA and CCRAA, and/or any other law.

4. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax denies the allegations in Paragraph 5.

6. Equifax denies the allegations in Paragraph 6.

7. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

**THE FCRA**

8. In response to Paragraph 8, Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes it out of context, the allegations in Paragraph 8 are denied.

9. In response to Paragraph 9, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

10. In response to Paragraph 10, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

**THE CCRA**

11. In response to Paragraph 11, Equifax states that the CCRA speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes it out of context, the allegations in Paragraph 11 are denied.

**JURISDICTION AND VENUE**

12. In response to Paragraph 12, to the extent Plaintiff properly alleges the claims, Equifax admits the Court may exercise its jurisdiction. By way of further response, Equifax denies any allegation of violating any Federal statute or any other law.

13. In response to Paragraph 13, Equifax admits it conducts business in the State of California. Equifax is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

**PARTIES**

15. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Responding to the allegations in Paragraph 16, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. In response to Paragraph 18, Equifax admits that it conducts business as a consumer reporting agency as defined by the FCRA. Equifax further admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties with permissible purpose. Equifax further states the FCRA and Cal Civ Code speak for themselves, and to the extent Plaintiff misstates, misquotes, or takes out of context, the allegations contained in Paragraph 18 are denied. Equifax denies the remaining allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. In response to Paragraph 20, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

21. In response to Paragraph 21, Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file and/or "consumer credit report." Equifax is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

## FACTUAL ALLEGATIONS

22. In response to Paragraph 22, Equifax admits that it is a consumer reporting agency, "CRA", as defined by the FCRA. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes it out of context, the allegations in Paragraph 22 are denied.

23. In response to Paragraph 23, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

24. In response to Paragraph 24, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

25. Equifax denies the allegations in Paragraph 25.

26. Responding to the allegations in Paragraph 26, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

27. In response to Paragraph 27, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

28. In response to Paragraph 28, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

29. Responding to the allegations in Paragraph 29, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

30. In response to Paragraph 30, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

31. In response to Paragraph 31, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

32. In response to Paragraph 32, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

33. Responding to the allegations in Paragraph 33, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

34. Responding to the allegations in Paragraph 34, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

35. In response to Paragraph 35, Equifax states that Plaintiff attempts to interpret the FCRA, which is a statute that speaks for itself, and to the extent Plaintiff misstates, misquotes, or takes out of context the FCRA, the allegations are denied.

## SPECIFIC FACTUAL ALLEGATIONS

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Equifax denies the allegations in Paragraph 41.

42. Equifax denies the allegations in Paragraph 42.

43. Equifax denies any allegation of reporting inaccurate information in Plaintiff's credit file. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Equifax denies the allegations in Paragraph 44.

45. Equifax denies the allegations in Paragraph 45.

46. Equifax denies the allegations in Paragraph 46.

47. Responding to the allegations in Paragraph 47, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

48. Equifax denies the allegations in Paragraph 48.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Equifax denies the allegations in Paragraph 50.

51. Equifax denies the allegations in Paragraph 51.

52. Equifax denies the allegations in Paragraph 52.

53. Equifax denies the allegations in Paragraph 53.

54. Equifax denies the allegations in Paragraph 54.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act (FCRA)**
*[Against all Defendants]*

55. In response to Paragraph 55, Equifax reasserts and re-alleges its responses and defenses set forth herein.

56. Responding to the allegations in Paragraph 56, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

57. Equifax denies the allegations in Paragraph 57, including all subparts.

58. Equifax denies the allegations in Paragraph 58.

59. Equifax denies the allegations in Paragraph 59.

**SECOND CAUSE OF ACTION**
**Violation of the Cal. Consumer Credit Reporting Agencies Act (CCRAA)**
*[Against all Defendants]*

60. In response to Paragraph 60, Equifax reasserts and re-alleges its responses and defenses set forth herein.

61. Responding to the allegations in Paragraph 61, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

62. Equifax denies the allegations in Paragraph 62.

63. Equifax denies the allegations in Paragraph 63.

64. Equifax denies the allegations in Paragraph 64.

65. Equifax denies the allegations in Paragraph 65.

66. Equifax denies the allegations in Paragraph 66.

67. Equifax denies the allegations in Paragraph 67.

68. Equifax denies the allegations in Paragraph 68.

**THIRD CAUSE OF ACTION**
**Violation of Cal. Bus. & Prof. Code § 17200 et seg. (UCL)**
***[Against All Defendants]***

69. In response to Paragraph 69, Equifax reasserts and re-alleges its responses and defenses set forth herein.

70. Responding to the allegations in Paragraph 70, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

71. Responding to the allegations in Paragraph 71, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

72. Equifax denies the allegations in Paragraph 72.

73. Responding to the allegations in Paragraph 73, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

74. Equifax denies the allegations in Paragraph 74.

75. Equifax denies the allegations in Paragraph 75.

76. Responding to the allegations in Paragraph 76, Equifax states that this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed

required, the allegations of this paragraph are denied.

77. Equifax denies the allegations in Paragraph 77, including its subparts.

78. Equifax denies the allegations in Paragraph 78.

79. Equifax denies the allegations in Paragraph 79.

80. Equifax denies the allegations in Paragraph 80.

81. Equifax denies the allegations in Paragraph 81.

## PRAYER FOR RELIEF

Equifax denies Plaintiff's "WHEREFORE" Paragraph, including all subparts. Equifax denies that Plaintiff is entitled to any of the relief claimed in the Complaint, including damages, costs, and fees.

Equifax admits that Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

Defendant Equifax Information Services LLC states the following Affirmative Defenses:

1. Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

2. At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

3. The information which Equifax reported on Plaintiff's credit report was true or substantially true.

4. Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

5. Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

6. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

7. Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff; and

(2) it recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted, this June 26, 2026.

NOKES & QUINN

/s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR. (Bar No. 132268)
NOKES & QUINN
410 Broadway, Suite 200
Laguna Beach, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com
Attorney for Defendant
Equifax Information Services LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 26, 2026, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record. Any remaining parties will be sent a filed copy via U.S. Mail.

/s/ *Thomas P. Quinn Jr.*
Thomas P. Quinn Jr.